IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DYLAN RAY MORGAN,                    )
                                     )
            Petitioner,              )
v.                                   )            Civil Action No. 5:18-01359
                                     )
MIKE FRANCIS,                        )
                                     )
            Respondent.              )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Respondent's Motion to Dismiss (Document No. 13), filed on November 30, 2018. By Order entered on October 18, 2018, the above case was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for deposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having thoroughly examined the record in this case, the undersigned respectfully recommends that the District Court grant Respondent's Motion to Dismiss.

PROCEDURE AND FACTS

1.    **Case No. 17-F-220:**

On May 11, 2017, the Grand Jury of Raleigh County, West Virginia, returned an Indictment against Petitioner charging him with one count of child abuse resulting in injury in violation of West Virginia Code 61-8D-3 (Count One); one count of domestic battery in violation of West Virginia Code 61-2-28 (Count Two); and one count of robbery in violation of West Virginia Code 61-2-12 (Count Three). State v. Morgan, Criminal Action No. 17-F-220 (Cir. Ct. Raleigh Co. Sep. 15, 2017); (Document No. 12-1.) Subsequently, Petitioner was convicted in a separate criminal proceeding in the Magistrate Court of Raleigh County of domestic battery and

sentenced to six months of incarceration. (Document No. 12-3, p. 3.) Petitioner then entered into

a Plea Agreement with the State whereby Petitioner agreed to "plead guilty to domestic battery as

a lesser included offense of Count 1 of the Indictment charging child abuse with bodily injury"

and "to attempt to commit a felony, to-wit: first-degree robbery as a lesser included offense of

Count 3 of the Indictment charging first-degree robbery." (Document No. 12-2.) In exchange, the

State agreed to dismiss Count Two and forego any enhancements under the recidivist statute.

(Id.) The Plea Agreement provided for the following sentence:

> The Defendant will be sentenced to the penitentiary for a term of not less than one
> (1) nor more than three (3) years for attempt to commit a felony and sentenced to
> one (1) year for domestic battery and said sentences will run consecutive to one
> another. The six month sentence under Count 2 will run concurrently with the
> sentences under Counts 1 and 3. . . . Defendant will receive credit for all time
> served.

(Id.) Finally, the Plea Agreement provided that "[p]ursuant to Rule 11(e)(1)(C), the Defendant

will be ineligible for any alternative sentences and any future Rule 35 Motions or other pleadings

to reduce or modify the sentence shall be summarily dismissed." (Id.)

On September 15, 2017, the Circuit Court accepted Petitioner's guilty plea and sentenced

him in accordance with the Plea Agreement. (Document No. 12-3.) Specifically, the Circuit

Court sentenced Petitioner as follows:

> The Defendant is sentenced to a term and period of twelve (12) months in the
> *Southern Regional Jail* on the charge of Domestic Battery under Count 1 and
> sentenced to a term and period of not less than one (1) year nor more than three (3)
> years in the *penitentiary* on the charge of Attempt to Commit a Felony, to-wit: First
> Degree Robbery under Count 3. The 12-month *jail sentence* shall run consecutively
> to the 1-3 year *penitentiary sentence*, with the previously imposed 6-month jail
> sentence to run concurrently with the sentences on Counts 1 and 3. The Defendant
> is given credit for time served in the Southern Regional Jail December 31, 2016
> through January 1, 2017 and February 2, 2017 through the present, being a total of
> two hundred one (201) days.

2

(<u>Id.</u>)(emphasis added).

On September 14, 2018, Petitioner filed a "Motion to Correct Illegal Sentence" pursuant to Rule 35(a). (Document No. 12-4.) In his Motion, Petitioner argued that he should have discharged his sentence on August 2, 2018. (<u>Id.</u>) Petitioner explained that he should have received credit for 226 days, instead of 201 days. (<u>Id.</u>) Specifically, Petitioner stated that "December 31, 2016, through January 1, 2017 and February 2, 2017 through the date of entry of sentencing order added up to 226 days NOT 201 days." (<u>Id.</u>) Therefore, Petitioner requested that the Circuit Court correct the errors in his sentencing order. (<u>Id.</u>)

On December 6, 2018, the Circuit Court entered an "Order Discharging Sentence." (Document No. 16-1.) Specifically, the Circuit Court noted that Petitioner was sentenced "to a term and period of twelve (12) months in the Southern Regional Jail on the charge of Domestic Battery and sentenced . . . to a term and period of not less than one (1) year nor more than three (3) years in the penitentiary on the charge of Attempt to Commit a Felony, to wit: First Degree Robbery with the 12 month-jail sentence running consecutively to the one-three year penitentiary sentence." (<u>Id.</u>) The Circuit Court then noted that the "previously imposed six-month jail sentence was ordered to run concurrently with the one - three and twelve month sentence" and Petitioner "was granted credit for all time served in which he was entitled." (<u>Id.</u>) The Circuit Court concluded that Petitioner had served six hundred forty-six (646) days of incarceration," "the Court [was] of the opinion that the Court's interest of justice ha[d] been served by [Petitioner's] length of incarceration," and Petitioner has discharged his sentence. (<u>Id.</u>)

**2.**    **Section 2254 Petition:**

On October 16, 2018, Petitioner, acting *pro se*, his Application to Proceed Without

3

Prepayment of Fees or Costs and Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody.[1] (Document Nos. 1 and 2.) In his Petition, Petitioner alleges the following grounds for *habeas* relief:

1.    Illegal sentence, cruel unusual punishment, not afforded equal protection, due process, double jeopardy: served 18 months 25 days on an 18-month max sentence with afforded good time.

2.    Being forced to serve a sentence I've already served, illegal sentence, no equal protection, due process, double jeopardy: At the time of my sentencing, I was given 226 days credit for time served in jail on all charges. I am now being forced to serve an additional 6 months on a 12-month sentence at SRJ with no time being given credit for that I was afforded in sentence order and plea deal. The 226 days I was given would have discharged the jail sentence and I should have been released Aug. 2, 2017. Now being forced to serve the sentence a second time can't get an answer let alone hearing from the court.

3.    Will not give me an attorney: my counsel was allowed to drop my case after sentencing. I've asked for new counsel to help me but received no answer or help whatsoever from the court.

(Document No. 2, pp. 5 – 8.) In his Petition, Petitioner further complains that the Circuit Court has not ruled upon his "Motion to Correct Illegal Sentence" filed pursuant to Rule 35. (Id., p. 3.) As relief, Petitioner requests "immediate release from custody, punitive sanctions on the court, jail, and prosecutor for ignoring me, and monetary help for re-entering society with the mental anguish issues caused if possible."[2] (Id., p. 15.)

By Order entered October 19, 2018, the undersigned granted Petitioner's Application to

---

[1]  Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]  To the extent Petitioner is requesting monetary relief, such is improper in *habeas* proceedings. To the extent Petitioner wishes to seek monetary relief, Petitioner must pursue such in a civil rights complaint filed under 42 U.S.C. § 1983.

Proceed Without Prepayment of Fees or Costs and directed Respondent to file a limited Response addressing Petitioner's claim that he should be excused from the exhaustion requirement. (Document No. 5.)

On October 24, 2018, Petitioner filed a "Memorandum of Law" attaching Exhibits in Support of his Petition. (Document No. 6.) Specifically, Petitioner attached the following: (1) A copy of Petitioner's "Motion to Correct Illegal Sentence" as filed with the Circuit Court (Id., pp. 2 – 4.); (2) A copy of pertinent pages from the sentencing order (Id., pp. 5 - 6.); (3) A copy of Petitioner's "WV Division of Corrections Inmate Time Sheet" (Id., p. 7.); and (4) a copy of Petitioner's "Official Certificate of Discharge" dated August 27, 2018, from the State of West Virginia Division of Corrections and Rehabilitation (Id., p. 8.). On November 21, 2018, Petitioner filed his second "Memorandum of Law." (Document No. 11.) Specifically, Petitioner continues to argue that his constitutional rights are being violated by the improper denial of prior custody credit. (Id.)

On November 30, 2018, Respondent filed his Answer, Motion to Dismiss, and Memorandum in Support thereof with Exhibits. (Document Nos. 12 - 14.) Specifically, Respondent argues that Petitioner's Petition be dismissed without prejudice for failure to exhaust existing State court remedies as required under 28 U.S.C. § 2254(b)(1)(A). (Id.) Respondent further argues that "Petitioner suffers from neither inordinate delay nor an absence of corrective process, as he only recently filed for post-conviction relief in state court." (Id.) As Exhibits, Respondent attaches the following: (1) A copy of the Indictment as filed in Case No. 17-F-220 (Document No. 12-1.); (2) A copy of the Plea Agreement as filed in Case No. 17-F-220 (Document No. 12-2.); (3) A copy of the Circuit Court's "Order Accepting Defendant's Plea and

Sentencing Defendant to the Penitentiary and SRJ" (Document No. 12-3.); (4) A copy of Petitioner's "Motion to Correct Illegal Sentence" as filed with the Circuit Court (Document No. 12-4.); (5) A copy of the Docket Sheet for Case No. 17-F-220 (Document No. 12-5.); and (6) A copy of Petitioner's State *habeas* Petition (Document No. 12-5.).

On November 30, 2018, Notice pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), was issued to Petitioner, advising him of the right to file a response to Respondent's Motion to Dismiss. (Document No. 15.) Petitioner has failed to file a Response to Respondent's Motion. On December 19, 2018, Respondent filed a "Status Report" stating that "[b]y Order entered on December 6, 2018, the Circuit Court of Raleigh County, West Virginia, found that [Petitioner] discharged his sentence and released him from State custody." (Document No. 16.) As an Exhibit, Respondent attaches a copy of the Circuit Court's "Order Discharging Sentence" as entered on December 6, 2018. (Document No. 16-1.)

**3.    State *Habeas* Petition:**

On November 26, 2018, Petitioner, proceeding *pro se*, filed his Petition for Writ of *Habeas Corpus* in the Circuit Court of Raleigh County. <u>Morgan v. Francis</u>, Case No. 18-C-507 (Cir. Ct. Raleigh Co.); (Document No. 12-5.) Petitioner raised the following grounds for *habeas* relief:

1.    Illegal Sentence: Was sentenced to an 18-month MAX sentence (1 – 3) and forced to serve 18 months, 25 days in prison for attempt to commit felony. Sentencing order time calculation error: 226 days, NOT 201.

2.    Illegal Sentence: Was given 226 days credit for time served in jail. Now being held illegally on an additional 12-month sentence. Being denied the credit given at sentencing. Plea bargain granted credit for time served on all charges as stated on record at plea/sentencing. Error on sentence order time calculation.

6

3.     Ineffective Assistance of Counsel: Attorney failed to examine court documents at plea/sentencing allowing me this injustice of ground one. Attorney refused to help after being told about ground two.

4.     Refusal of Appointment of Counsel: After several letters and motions asking for counsel for help in my post-conviction criminal relief, the court has failed to answer or acknowledge my pleas for help.

(Id., pp. 5 – 6.)

## THE APPLICABLE STANDARD

In Section 2254 proceedings, the familiar standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure apply to motions to dismiss. See Walker v. True, 399 F.3d 315, 319, n. 1. (4th Cir. 2005); also see Rules Governing Section 2254 Cases in the United States District Courts, Rule 12 (The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with the *habeas* rules, may be applied to Section 2254 proceedings). A motion to dismiss a Section 2254 petition under Rule 12(b)(6) "tests the legal sufficiency of the petition, requiring the federal habeas court to 'assume all facts pleaded by the § 2254 petitioner to be true." Walker v. Kelly, , 139 (4th Cir. 2009)(citing Wolfe v. Johnson, 565 F.3d 140, 169 (4th Cir. 2009). The court, however, is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" Massey v. Ojaniit, 759 F.3d 343, 353 (4th Cir. 2014)(quoting Blankenship v. Manchin, 471 F.3d 523, 529 (4th Cir. 2006). When assessing whether the Section 2254 petition states a claim for relief, the court must consider "the face of the petition any attached exhibits." Wolfe, 565 F.3d at 169 (internal quotations omitted). The court may also consider such exhibits and matters of public record, such as documents from prior state court proceedings, in conjunction with a Rule 12(b)(6) motion without having to convert the motion to one for

summary judgment. <u>Walker</u>, 589 F.3d at 139.

## <u>ANALYSIS</u>

1.    **Failure to Exhaust:**

In the Motion to Dismiss, Respondent argues that Petitioner's Petition should be dismissed for failure to exhaust. (Document Nos. 13 and 14.) Respondent asserts that "Petitioner suffers from neither inordinate delay nor an absence of corrective process, as he only recently filed for post-conviction relief in State court." (Document No. 14, p. 5.) Petitioner has failed to file a Response to Respondent's above Motion.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 [AEDPA], effective April 24, 1996, provides that state prisoners must exhaust available state remedies prior to filing a § 2254 petition in federal court. 28 U.S.C. § 2254(b)(1)(A); <u>see also</u>, <u>McDaniel v. Holland</u>, 631 F.Supp. 1544, 1545 (S.D. W.Va. 1986)("A federal court will not entertain a state prisoner's petition for a writ of habeas corpus unless the prisoner has first exhausted available state judicial remedies."). Section 2254(b)(1)'s exhaustion requirement can be satisfied in either one of two ways: (1) the Petitioner can fairly present all claims in state court, or (2) the Petitioner's claims will be deemed exhausted if no state remedies are currently available. <u>See</u> <u>Gray v. Netherland</u>, 518 U.S. 152, 161, 116 S.Ct. 2074, 2080, 135 L.Ed.2d 457 (1996). Fair presentation requires the Petitioner to (1) present the same claims (2) to all appropriate state courts. <u>See</u> <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997), *abrogated on other grounds*, <u>United States v. Barnette</u>, 644 F.3d 192 (4th Cir. 2011). Presentation of the same claim "contemplates that 'both the operative facts and the 'controlling legal principles' 'must be presented to the state court." <u>Id.</u> (<u>quoting</u> <u>Verdin v. O'Leary</u>, 972 F.2d 1467, 1474 (7th

Cir. 1992) (quoting Picard v. Connor, 404 U.S. 270, 277, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). Although it is unnecessary to cite "book and verse on the federal constitution," "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made." See Picard, 404 U.S. at 278, 92 S.Ct. at 514; Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982)(internal citations omitted); Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000). The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Matthews, supra, 105 F.3d at 911. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 886, 130 L.Ed.2d 865 (1995); see also Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004)(stating that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal'"). Petitioner must also provide the state court with the facts supporting the claimed constitutional violation and "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). The requirement of presentation of the same claim to all appropriate state courts is designed to give "the state courts one full opportunity to resolve any constitutional issues by invoking one

complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999). This requirement is satisfied by presentation to the state's highest court on either direct or collateral review. <u>Id.</u> at 844, 119 S.Ct. at 1732. In West Virginia, prisoners may exhaust their available State court remedies by the following: (1) stating cognizable federal constitutional claims in a direct appeal to the West Virginia Supreme Court of Appeals; (2) stating cognizable federal constitutional claims in a petition for a writ of *habeas corpus* in a State circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling to the West Virginia Supreme Court of Appeals; or (3) filing a petition for writ of *habeas* corpus under the West Virginia Supreme Court's original jurisdiction and receiving a dismissal with prejudice.[3] <u>Moore v. Kirby</u>, 879 F.Supp. 592, 593 (S.D.W.Va. 1995); <u>McDaniel v. Holland</u>, 631 F.Supp. 1544, 1545-46 (S.D.W.Va. 1986).

Generally, a federal district court may not review a Section 2254 petition unless there has been "total exhaustion" of the presented issues. <u>Rose v. Lundy</u>, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); <u>also see</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(When a petitioner fails to exhaust his state court remedies, a federal *habeas* petition should be dismissed.) When a petitioner presents a mixed petition under § 2254, that is a petition containing claims that are both exhausted and unexhausted, the District Court may (1) dismiss the petition in its entirety; (2) order a stay and abeyance while the petitioner exhausts his

---

[3]   An original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the petitioner's state court remedies. *See Moore*, 879 F.Supp. at 593; *McDaniel*, 631 F.Supp. at 1546; *see also, Meadows v. Legursky*, 904 F.2d 903, 908-09 (4th Cir. 1990)(*abrogated on other grounds, Trest v. Cain*, 522 U.S. 87, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997)).

10

claims in State Court; or (3) allow the petitioner to remove the unexhausted claim claims and proceed with the exhausted claims. Rhines v. Weber, 544 U.S. 269, 275-77, 125 S.Ct. 1528, 161 L.E.2d 440 (2005). "[N]otwithstanding the failure of an applicant to exhaust the remedies available in the courts of the state," a district court may deny the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2); also see White v. Keller, 2013 WL 791008, * 5 (M.D.N.C. March 4, 2013). To be excused from the exhaustion requirement, Petitioner must establish that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). The foregoing statutory exceptions apply "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); also see Farmer v. Circuit Court of Md. for Balt. City., 31 F.3d 219, 223 (4th Cir. 1994)("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance."). A finding of futility sufficient to excuse exhaustion may be found where either something in the record of the petitioner's case clearly indicates that the state court where petitioner otherwise could seek relief will not consider the petitioner's claim, or the law of the state clearly precludes any further review of the petitioner's claim. Knight v. State of West Virginia, 981 F.2d 1251 (4th Cir. 1992)("[W]hen it is clear that the state court will refuse to entertain a habeas petitioner's claim, the prisoner need not exhaust his state remedies, because the prisoner is not required to exhaust a claim when seek relief in the state courts would clearly be futile.")(citing Teague v. Lane, 489 U.S. 288 (1989)). Additionally, "[s]tate remedies may be

11

rendered ineffective by inordinate delay or inaction in state proceedings." Ward v. Freeman, 46 F.3d 1129 (4th Cir. 1995)(unpublished table decision).

In the instant case, Petitioner appears to contend that he should be excused from the exhaustion requirement based upon the Circuit Court's delay in ruling upon his "Motion to Correct Illegal Sentence" filed pursuant to Rule 35(a). (Document No. 2.) As stated above, in extreme cases, state remedies "may be render ineffective by inordinate delay or inaction in state proceedings" so that exhaustion of those remedies is excused. Ward, 46 F.3d at 1129. When determining whether the alleged delay is inordinate such that exhaustion should be excused, courts should consider the following factors: (1) "the length of delay;" (2) "the significance of any action that has been taken in state court;" and (3) "the party responsible for the complained-of delay." Plymail v. Mirandy, 2017 WL 4280676, * 7 (S.D.W.Va. Sep. 27, 2017)(J. Chambers)(citations omitted). "If an inordinate delay is found, the burden shifts to the State to provide justification for the delay and to demonstrate why the petitioner should still be required to exhaust his state court remedies before seeking relief in federal court. Id. (citing Story v. Kindt, 26 F.3d 402, 405 (3rd Cir. 1994)).

First, the undersigned will consider the length of delay. The undisputed record reveals that Petitioner filed his Rule 35 Motion with the Circuit Court on September 14, 2018, approximately one month prior to initiating the above action. (Document Nos. 2 and 12-4.) In his instant Section 2254 Petition, Petitioner appears to assert inordinate delay because the Circuit Court had not yet taken action on his Rule 35 Motion. At the time of the filing of his Section 2254 Petition, however, Petitioner had not yet filed a State *habeas* petition. Specifically, Petitioner did not file his State *habeas* petition until November 26, 2018, approximately six

weeks after initiating the instant action. (Document Nos. 12-6.) Less than two-weeks after the filing of Petitioner's State *habeas* petition, the Circuit Court entered an Order discharging Petitioner's sentence. (Document No. 16-1.) Generally, courts find an inordinate delay only when long periods of time have passed. See Brennan v. McGraw, 2012 WL 3656487 (S.D.W.Va. Aug. 24, 2012)(J. Goodwin)(citations omitted)("[D]elay only rises to the level of 'inordinate' in extreme cases."); also see Turner v. Bagley, 401 F.3d 718, 726-27 (6th Cir. 2004)(excusing exhaustion where the petitioner's state direct appeal had been pending for 11 years); Lee v. Stickman, 357 F.3d 338, 341-42 (3rd Cir. 2004)(holding that an 8-year delay in reaching the merits of a post-conviction petition constitute inordinate delay); Mathis v. Hood, 851 F.2d 612, 614 (2nd Cir. 1988)(finding a 6-year delay of direct appeal constitutes inordinate delay); Gardner v. Plumley, 2013 WL 5999041 (S.D.W.Va. Nov. 12, 2013)(J. Goodwin)(finding inordinate delay where petitioner's state proceedings were pending for nearly 20 years without a decision from the state court). Thus, courts generally reject claims of inordinate delay when there are only brief periods of delay. Also see Miller v. McFadden, 2015 WL 846530 (D.S.C. Feb. 26, 2015)(finding no inordinate delay where the time between when the petition was filed and when the Circuit Court issued its Order of Dismissal was approximately 24 months); Cobarruvias v. Cartledge, 2012 WL 6772231, * 2 (D.S.C. Nov. 2012)(finding that 22 months does not qualify as inordinate delay); Short v. Hoke, 2010 WL 2509633 (S.D.W.Va. June 18, 2010)(J. Faber)(finding no inordinate delay based upon petitioner's State petition pending in the circuit court for little more than a year); Walkup v. Haines, 2005 WL 2428163 (S.D.W.Va. Sept. 30, 2005)(J. Faber)(finding a 3 year delay not to be inordinate delay); Cook v. Florida Parole and Probation Commission, 749 F.2d 678 (11th Cir. 1985)(finding a three and half year delay in ruling on petitioner's *habeas*

petition to be insufficient to justify excusing the exhaustion requirement); and Booker v. Kelly, 636 F.Supp. 319 (W.D.N.Y. 1986)(finding no complete absence of state corrective procedure based upon a three year delay of petitioner's appeal caused by ineffective assistance of counsel). Based on the foregoing, the undersigned finds that the allege delay in Petitioner's State proceedings is clearly not the magnitude of delay that has been determined to be inordinate. Petitioner's State *habeas* petition was just recently filed in the Circuit Court (November 26, 2018), and such a filing occurred subsequent to the filing of his Federal *habeas* petition. Furthermore, the Circuit Court entered an Order discharging Petitioner's sentence less than ten weeks after the filing of Petitioner's Rule 35 Motion and two-weeks after the filing of Petitioner's State *habeas* petition (December 6, 2018). Accordingly, the foregoing factor does not weigh in favor of excusing exhaustion.

Next, the undersigned will consider the progress of Petitioner's *habeas* proceedings in State court. See Lee v. Stickman, 357 F.3d 338, 342 (3rd Cir. 2004)(When considering the length of the delay, the court should also consider "the degree of progress made in state court.") Petitioner complained that no action had occurred since the filing of his Rule 35 Motion in State court. Importantly, the undersigned again notes that Petitioner's Rule 35 Motion was pending less than a month when he filed his Section 2254 Petition complaining of inordinate delay, and Petitioner had not yet filed his State *habeas* Petition. Even if a case is progressing slowly in state court, a federal court should not excuse exhaustion if the state case is proceeding normally. Burkett v. Cunningham, 826 F.2d 1208, 1218 (3rd Cir. 1987). Due to the infancy of Petitioner's State Rule 35 motion and State *habeas* petition, the undersigned cannot find that the lack of action on the part of the State court was abnormal. Thus, the foregoing factor does not weigh in

favor of excusing exhaustion. Furthermore, the Circuit Court has now entered an Order discharging Petitioner's sentence. (Document No. 16-1.)

Finally, the undersigned will consider who is responsible for the alleged delay. Courts within the Fourth Circuit have indicated that the "inordinate delay" must be attributable to the state's procedures that infringe on the petitioner's due process right, and not attributable to the petitioner's own actions. See Walkup, supra, 2005 WL 2428163 at 3; also see Tinsley v. Warden, 2016 WL 1625243 (D.S.C. April 21, 2016); Matthews, supra, 51 F.3d at 267(noting that nearly a 4-year delay was not inordinate because some of the delay was attributable to the petitioner). As stated above, the undersigned cannot find that Petitioner's allegations support a finding of delay. Again, Petitioner's State proceedings were in their infancy and there is no indication that the alleged delay was "attributable to the state's procedures that infringe on the petitioner's due process right." Gary v. Bodison, 2010 WL 2195464, * 3 (D.S.C. June 1, 2010)(Generally, exhaustion is only excused in "cases where a delay in state court proceedings amounts to a denial of petitioner's due process rights."); Gilchrist v. Hagan, 2005 WL 3747428 (D.S.C. March 11, 2005)(finding that "a 16 month wait is not excessive and thus weighs in favor of a finding that there has been no due process violation"). Therefore, the foregoing factor does not weigh in favor of excusing exhaustion.

Based upon the foregoing, the undersigned finds that Petitioner has failed to exhaust his State remedies and has not raised sufficient grounds to justify excusing the exhaustion requirement. The undersigned cannot find that Petitioner's state remedies have been rendered unavailable or ineffective by inordinate delay that is attributable to the State. Accordingly, undersigned recommends that Respondent's Motion to Dismiss be granted.

2.    **Mootness:**

Furthermore, the undersigned finds that Petitioner's Section 2254 Petition should be dismissed as moot. Section 2254 provides that a petitioner must be "in custody pursuant to the judgment of a State Court." Thus, it is well established that a petitioner must be "in custody" when his *habeas* petition is filed. Carafas v. LaValle, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560, 20 L.Ed.2d 554 (1968). "[O]nce the federal jurisdiction has attached in the District Court, it is not defeated by the release of the petitioner prior to completion of the proceedings on such application. Id.; also see Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1997)(finding that the "in custody" provision of Section 2254 requires only that the petitioner be incarcerated at the time the petition is filed.); Leonard v. Hammon, 804 F.2d, 838 (4th Cir. 1986)(finding that petitioner's subsequent release had no effect upon the court's jurisdiction). The record in the instant case reveals that Petitioner was "in custody" at the time of the filing of his Section 2254 Petition. Thus, federal jurisdiction was established upon the filing of the Petition. Petitioner's subsequent release from custody does not divest this Court of jurisdiction. The question of mootness, however, "is separate and distinct from the jurisdiction issue." Leonard, 804 F.2d at 842. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This case or controversy requirement means that petitioner must continue to have a personal stake in the outcome of the civil action when the case is filed and when the case is decided. Id. If at any point in the proceeding there is no actual controversy, the

16

case must be dismissed as moot. Id. Section 2254 empowers a federal court to grant a petitioner relief from unlawful state custody. See Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)(stating that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). Therefore, when a prisoner files a *habeas* corpus petition seeking relief from a sentence, his release may render the petition moot. The record reveals that Petitioner has now discharged his State sentence and has been released from custody. In his Section 2254 Petition, Petitioner challenges solely the calculation of his State sentence. Petitioner fails to assert any claim concerning any collateral consequences to his State sentence, which would constitute an exception to the mootness doctrine. Therefore, the undersigned further finds that Petitioner's Section 2254 Petition should be denied as moot.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District **GRANT** Respondent's Motion to Dismiss (Document No. 13), **DISMISS** Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* By a Person in State Custody (Document No. 2), and remove this matter from the Court's docket.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this

Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same Petitioner and to counsel of record.

Dated: May 31, 2019.

Omar J. Aboulhosn
United States Magistrate Judge

18